IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and MIKE GOODE, Revenue Officer, Internal Revenue Service,<br><br>                Petitioners,<br><br>   v.<br><br>THOMAS GOODE,<br><br>                Respondent. | 1:08-cv-00791 AWI GSA<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS<br>(Document 1) |

INTRODUCTION

On June 5, 2008, the United States of America and Mike Goode, a Revenue Officer for the Internal Revenue Service (hereinafter "Petitioners") filed a petition to enforce an IRS summons issued to Thomas Finch ("Respondent"). On June 10, 2008, Petitioners filed a memorandum of points and authorities and a proposed order to show cause.

On June 13, 2008, this Court issued an Order to Show Cause ("OSC") directing Respondent to appear on September 12, 2008, to show cause why he should not be compelled to obey the IRS summons. The OSC also ordered Respondent to file and serve a written response to the Petition to Enforce and to file any motions within thirty days of service of the OSC. According to the proof of service, Respondent was served with the OSC and Petition on July 2, 2008, and any response was

due by August 1, 2008.  Respondent did not file a written response to the OSC and/or Petition to Enforce.

On September 12, 2008, the OSC came on for hearing before the Honorable Gary S. Austin, United States Magistrate Judge.  Assistant United States Attorney Stephanie Hamilton Borchers and IRS Revenue Officer Mike Goode appeared on behalf of Petitioners.  Respondent did not appear.

## FACTUAL BACKGROUND

Revenue Officer Goode is investigating Respondent's financial information relevant to the IRS's efforts to collect his assessed tax liabilities for Employer's Annual Unemployment tax return for the year ending December 31, 2006, and for Employer's Quarterly Federal tax returns for the quarters ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, and June 30, 2007.

On January 14, 2008, Revenue Officer Goode issued a summons directing Respondent to appear on February 7, 2008, to testify and to provide documents as demanded in the summons.  Declaration of Mike Goode in Support of Petition to Enforce Internal Revenue Service Summons ("Goode Decl."), at ¶ 3.  The summons seeks, among other records, documents and records regarding assets, liabilities or accounts in the taxpayer's name or for the taxpayer's benefit or in which the taxpayer has a security interest from the period between January 1, 2007 to January 11, 2008.  Exhibit A to the Petition, IRS Summons (Document 1-2).  Revenue Officer Goode served Respondent with the summons on January 16, 2008, at his last and usual place of abode.  Goode Decl., at ¶ 4.  Respondent did not appear on February 7, 2008, in response to the summons.  Goode Decl., at ¶ 5.

On June 5, 2008, Petitioners filed their petition to enforce the IRS summons.  Revenue Officer Goode's supporting declaration indicates:

1. The IRS does not possess the summoned information.
2. "All administrative steps required by the Internal Revenue Code for the issuance of the summons have been taken."

2

3.       There is no criminal referral to the Department of Justice in effect with respect to Respondent.

4.       It is necessary to obtain the testimony and documents to determine Respondent's financial information to aid in the collection of his assessed tax liabilities for Employer's Annual Unemployment tax return for the year ending December 31, 2006, and for Employer's Quarterly Federal tax returns for the quarters ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, and June 30, 2007.

Goode Decl., at ¶¶ 7-10.

## DISCUSSION

### Summons Enforcement

Petitioners seek to enforce the IRS summons issued to Respondent. The IRS has broad investigatory powers under the Internal Revenue Code ("Code"). *See* 26 U.S.C. §§ 7601-7613. Under section 7602(a) of the Code, the IRS is empowered to issue a summons to compel examination of "books, papers, records or other data which may be relevant or material" to an inquiry for the purpose of "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. The relevance requirement under section 7602 is whether the requested material "might have thrown light upon the correctness of the return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-815 & n. 11, 104 S.Ct. 1495, 1501 & n. 11 (1984); *David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1168-1169 (9th Cir. 1996). The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even because it wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248 (1964) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-643, 70 S.Ct. 357 (1950)).

Under section 7608(a) and (b), IRS agents and revenue officers are authorized to "serve subpoenas and summonses issued under authority of the United States." The summons power must be construed broadly since it is "critical to the investigative and enforcement functions of the IRS." *Arthur Young & Co.*, 465 U.S. at 814, 104 S.Ct. at 1501.

Section 7604(a) grants this Court jurisdiction to enforce an IRS summons. To enforce an IRS summons, the IRS must establish a prima facie case ("*Powell* requirements") to demonstrate its "good faith" that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code. *Powell*, 379 U.S. at 57-58, 85 S.Ct. at 254-255; *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).

In *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985), the Ninth Circuit explained:

> To establish a need for judicial enforcement, this showing need only be minimal. This is necessarily true because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted. *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1345 (9th Cir. 1983); *United States v. Kis*, 658 F.2d 526, 536-37 (7th Cir. 1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

The Ninth Circuit has further commented: "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met." *Fortney*, 59 F.3d at 119 (citing *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)).

Revenue Officer Goode's declaration satisfies the *Powell* requirements to establish a *prima facie* case that he issued the summons in good faith. Revenue Officer Goode explained that he is conducting an investigation to determine financial information, that he is informed and believes that Respondent has knowledge that could aid in carrying out the investigation and the summoned testimony and documents are necessary "to aid in the collection of Respondent's assessed tax liabilities for Employer's Annual Unemployment tax return for the year ending December 31, 2006, and for Employer's Quarterly Federal tax returns for the quarters ending March 31, 2006, June 30, 2006, September 30, 2006, December 31, 2006, and June 20, 2007." Goode Decl., at ¶¶ 2, 10.

Revenue Officer Goode also confirmed he complied with IRS administrative steps. Goode

1  Decl., at ¶ 8.  He served the summons at the last and usual place of abode of Mr. Finch, which is an
2  appropriate method of service pursuant to section 7603, subsection (a).  Goode Decl., at ¶ 4.  In
3  addition, he declared that the IRS lacks possession of the documents sought by the summons and that
4  there has been no referral for criminal prosecution.  Goode Decl., at ¶¶ 7, 9.
5       Petitioners have thus established that the summons was issued for a legitimate purpose and
6  seeks information relevant to the purpose that is not already within the IRS's possession: further, it is
7  demonstrated that all of the administrative steps required by the Internal Revenue Code have been
8  satisfied.  A *prima facie* case has been made.  Respondent has not submitted any evidence of bad
9  faith or improper purpose to rebut the *prima facie* case, as he did not file a response to the OSC or
10 Petitioner and did not appear at the OSC hearing.  Accordingly, the Court finds that enforcement of
11 the IRS summons should be ordered.

**Contempt**

13      At the OSC hearing, Petitioners requested that the Court recommend an "automatic
14 contempt" should Respondent fail to appear in obedience to the summons at the IRS Office.  Having
15 considered the matter, the Court declines to recommend contempt at this time.  However, if the
16 district court orders the summons enforced and the taxpayer still refuses to comply, then contempt
17 proceedings are warranted and may be sought by Petitioners.  *See, e.g.*, *United States v. Riewe,* 676
18 F.2d 418, 421 (10th Cir. 1982); *United States v. Carroll*, 567 F.2d 955, 957 (10th Cir. 1977) (court
19 may issue an order to show cause why the taxpayer should not be held in contempt for failing to
20 comply with the summons and taxpayer's failure to show cause at that stage will justify the entry of a
21 civil contempt order).

RECOMMENDATIONS

23      For the reasons discussed above, the Court RECOMMENDS to
24      1.    GRANT the petition to enforce the IRS summons filed by Petitioners; and
25      2.    ORDER Respondent to appear in obedience to the summons on November 6, 2008, at
26           10:00 a.m. at the IRS Office located at 4825 Coffee Road, Bakersfield, California.
27      3.    ORDER the Government to serve this Order upon the Respondent at least 30 days

1  prior to November 6, 2008.

2      These findings and recommendations are submitted to the United States District Judge
3  assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.
4  Within fifteen (15) court days of service of this recommendation, any party may file written
5  objections to these findings and recommendation with the Court and serve a copy on all parties.
6  Such a document should be captioned "Objections to Magistrate Judge's Findings and
7  Recommendations."  The district judge will review the magistrate judge's findings and
8  recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file
9  objections within the specified time may waive the right to appeal the district judge's order.
10 *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). ]

26     IT IS SO ORDERED.

27     **Dated:**   **September 12, 2008**          /s/ **Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

7